IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DONNELL MITCHELL, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-95-CAR-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Claimant applied for supplemental security income and child's disability insurance benefits on February 27, 2009, alleging disability as of January 1, 1977, due to a gunshot wound, and back and leg pain. (Tr. 154; ECF No. 10)  Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ").  The Claimant appeared before an ALJ for a hearing on December 7, 2010, and following the hearing, the ALJ issued an unfavorable decision on January 3, 2011.[3]  (Tr. 16-23.)  The Appeals Council ultimately denied Claimant's Request for Review on May 23, 2012. (Tr. 1-3.)  This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 18.)  The ALJ found that Claimant had degenerative disc disease which was determined to be severe.  (*Id.*)  The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id*. at 19.)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform medium work except that he is limited to only occasionally climbing ladders and scaffolds and occasionally crawling.  (*Id.*)  Based on his RFC and the medical evidence,

---

3 On April 11, 2011, in a letter through his Attorney, Claimant amended his alleged onset date to the date of his applications and further waived his claim for child disability insurance benefits.  (Tr. 205-07.)

the ALJ then determined that Claimant had no past relevant work. (Tr. 21.) The ALJ noted that Claimant was 17 at the time of his original alleged onset date, which is considered to be a younger individual. (Tr. 22.) The ALJ then found that Claimant had a marginal education and could communicate in English. (*Id.*) Considering his age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant number in the national economy which Claimant could perform. (*Id.*)

## DISCUSSION

### I.  Did the ALJ err in evaluating Claimant's subjective allegations of pain?

Claimant first alleges that the ALJ erred in evaluating his subjective allegations of pain. (Cl.'s Br. 7.) Specifically, Claimant argues that the ALJ ignored evidence which supported his subjective allegations of pain, and further, mischaracterized Claimant's statements to support his credibility finding. (*Id.* at 10.) Claimant also argues that the ALJ failed to consider the effects of all of his impairments in evaluating his disability claims. (Cl.'s Reply Br. 3; ECF No. 14.)

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must first show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ must "clearly

articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 404.1529(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The record reveals that the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of his pain. (Tr. 38.) The ALJ then referenced the pain standard. *Id.* The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 20 C.F.R. § 404.1527 and Social Security

Rulings 96-2p, 96-5p and 96-6p and 06-3p.  *Id.*

"Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court."  *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir.1983).  "The credibility determination does not need to cite 'particular phrases or formulations' but it cannot merely be a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole."  *Foote v Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

In this case, the ALJ found that Claimant's allegations of pain were not entirely credible.  (Tr. 20.)  As to Claimant's contention that the ALJ mischaracterized the statements he made at the hearing, Claimant asserts that the ALJ improperly found that he "couldn't stand upright or walk long distances, but had little difficulty sweeping, washing dishes, taking out garbage, or making his bed."  (Tr. 20.)  Claimant's testimony at the hearing, however, does not conflict with that finding.  Claimant testified that he has pain from his hip all the way to his ankle twice a month, depending on how long he stands or walks, but that he washes dishes, sweeps, makes his bed and takes out the garbage.  (Tr. 39, 41.)

Claimant also argues that the ALJ misstated his activities of daily living.  However, the record reveals that Claimant made conflicting statements about those activities.  Claimant contends he stated at the hearing that he doesn't shop, cook, do laundry, vacuum, mop, or work in the yard. (Cl.'s Br. 8.)  Claimant further stated at the hearing that he doesn't vacuum or mop, but that he does sweep.  However, Dr. James

Franklin's consultative examination report reveals that Claimant admitted to occasionally mowing, cooking, shopping, mopping and vacuuming. (Tr. 239.)  Although the ALJ did not note the inconsistencies, the Regulations state that "one strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record." SSR 96-7p.

With regard to Claimant's contention that the ALJ failed to address his claims of a thyroid condition and vision problems, no merit to this claim exists.  The record reveals that Claimant did not list any thyroid or vision problems as disabling impairments when he applied for disability benefits with the Social Security Administration.  The Claimant's application for benefits stated that the impairments that affect his ability to work were a back injury from being shot in 1970 and right leg pain. (Tr. 154.)  Merely noting the existence of impairments does not make them conditions the Commissioner must analyze.  As the Regulations state, the burden of proving that he is disabled is on the Claimant. *See* 20 C.F.R. § 416.912.  That means that "in an action seeking disability benefits, the burden is upon the claimant to demonstrate existence of a disability as defined by the Social Security Act. *Brady v. Heckle*r, 724, F.2d 914, 918 (11th Cir. 1984) (internal citation omitted).

In this case, Claimant mentioned in his administrative appeal that his doctor said he had a thyroid problem. (Tr. 199.)  Then, at the hearing, Claimant mentioned that his doctor said he might have a thyroid problem that makes his eyes swell. (Tr. 43.)  In his findings, the ALJ noted that "treatment notes from Tender Care Clinic seem to suggest

that the claimant may suffer from bulging eyes; however there is no medical evidence to suggest that Claimant has a tumor." (Tr. 20.)   Thus, it is clear that the ALJ did address Claimant's thyroid/ eye issue.

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that he failed to overcome the findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain.  It is further found that the ALJ's credibility determination was in compliance with prevailing Eleventh Circuit law.  In *Flowers v. Comm'r of Soc. Sec.,* the Eleventh Circuit held that "[i]f the ALJ decides not to credit a claimant's testimony as to his pain, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective pain testimony requires ... that the testimony be accepted as true."  *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 742 (11th Cir. 2011).  In this case, the ALJ cited to the medical evidence of record as well as the testimony of the Claimant to evaluate Claimant's credibility.

As noted above, the court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision.  Thus, it is found that the ALJ applied the proper pain standard and supported his determinations with substantial evidence in the record.

**II.    Did the Appeals Council err in denying review of newly submitted evidence?**

Claimant next argues that the Appeals Council ("AC") committed reversible error when it denied review of evidence Claimant submitted following the ALJ's unfavorable

decision. (Cl.'s Br. 10.) The Regulations state that the Appeals Council will review an ALJ's decision only when it determines after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id*. In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ.

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Id.* To show that a sentence six remand is needed, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Here, the Appeals Council accepted new evidence in the form of medical records from Tender Care Clinic from December 17, 2010 to April 6 , 2011, as well as a medical source statement from Dr. James Southerland. (Tr. 277-313.) The Appeals Council

considered the evidence but found that it did not provide a basis for changing the ALJ's decision.  Thus, the Appeals Council denied review.

### A. Appeals Council's Failure to State its Reasons for Denying Review

A review of the relevant Regulations, at 20 C.F.R. § 416.1470, reveals that the Appeals Council is not required to articulate its reasons for denying review of an ALJ's findings. The Eleventh Circuit has held in several cases[4] that the Appeals Council was not required to explain its denial of a claimant's request for review of an ALJ's findings. With regard to Claimant's reliance on *Flowers v. Astrue,* 441 F App'x 735, 745 (11th Cir. 2011), which was remanded to the district court for the Appeals Council's failure to articulate its reasons for denying review of an ALJ's decision based on new evidence, it is found that the case relied on by the Eleventh Circuit in *Flowers*, *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), predated a decision by the Social Security Commissioner to suspend the requirement that the Appeals Council discuss its reasons for denying review. *See* HALLEX section I-3-5-90, 2001 WL 34096367; *Higginbotham v. Barnhart*, 405 F.3d 332, 335 n.1 (5th Cir. 2005) (acknowledging that the Commissioner suspended the requirement of a detailed discussion of additional evidence).  As such, the Claimant's reliance on the ruling is *Flowers* is misplaced.

---

4 *Burgin v. Comm'r of Soc. Sec.*, No. 10-13394, 2011 WL 1170733 at *2 (11th Cir. Mar. 30, 2011) ("[T]he Appeals Council was not required to explain its denial of review."); *Mansfield v. Astrue,* No. 09-15750, 2010 WL 3401634, at *2 (11th Cir. Aug. 31, 2010); *Robinson v. Astrue*, No. 09-12472, 2010 WL 582617, at *3 (11th Cir. Feb. 19, 2010); *Barclay v. Soc. Sec.*, No. 07-12960, 2008 WL 649184, at * 4 (11th Cir. Mar. 12, 2008).

In this case, a review of the Appeals Council's denial of review, along with the new evidence presented, fails to reveal any error in the Appeals Council's failure to state with specificity its reasons for denying review.

### B.     Review of the New Evidence

Within the same issue, Claimant argues that the newly submitted evidence would have changed the ALJ's mind on the issue of disability with regard to his mental limitations.  (Cl.'s Br. 10.)  Claimant argues that the newly presented evidence is both new and material.  Thus, Claimant contends that the Appeals Council erred in denying review.  (*Id.*)

After review of the newly submitted evidence, it is found that this evidence is cumulative and would not likely change the ALJ's decision.  The treatment notes from Tender Care Clinic are for office visits wherein the only treatment plans found were a need to refill Claimant's medications, for Claimant to apply moist heat to his back, and a need for Claimant to get a tetanus shot.  (Tr. 301-309.)  The Medical Source Statement completed by Dr. Southerland on March 30, 2011, is not consistent with the treatment notes.  Furthermore, as stated above, the relevant period related to this claim is before the hearing decision, in this case, January 3, 2011.  A review of the evidence at issue reveals that Claimant failed to show that he was indeed disabled during the relevant time period, i.e. at the time of the hearing.  Given that the burden of proving disability is on the Plaintiff, as is noted in *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005), it is ultimately determined that the Appeals Council did not err in denying review of

Claimant's case. It is further determined that the Appeals Council did not err in failing to give a detailed explanation as to why it denied review.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that the Commissioner's decision in this case be affirmed. Under 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 9th day of September, 2013.

                                         S/ STEPHEN HYLES
                                         UNTED STATES MAGISTRATE JUDGE