IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DONNELL MITCHELL, | : | |
| | : | |
| Claimant, | : | |
| v. | : | CIVIL ACTION No. |
| | : | 3:12-CV-95 (CAR) |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER ON RECOMMENDATION

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 15] to affirm the Commissioner's decision denying Claimant Donnell Mitchell's disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant has filed a timely Objection to the Report and Recommendation [Doc. 16]. Having considered Claimant's objections and reviewed those matters *de novo*, the Court hereby adopts the well-reasoned Report and Recommendation, and affirms the decision of the Commissioner of Social Security.

In his Objection, Claimant first contends the Magistrate Judge engaged in improper *post hoc* reasoning to affirm the Administrative Law Judge's ("ALJ") decision. This assertion is without merit. The Magistrate Judge's complementary analysis of Claimant's credibility does not amount to *post hoc* rationalization. More importantly, however, it does not undermine the ALJ's own rationale, which is supported by

substantial evidence.  As the Magistrate Judge explained, "[t]he credibility determination does not need to cite 'particular phrases or formulations'" to withstand scrutiny.[1]  In fact, "[t]his circuit does not require an explicit finding as to credibility;" however, "the implication must be obvious to the reviewing court."[2]  The implication is obvious in this case.  The ALJ discredited Claimant's pain complaint after observing that Claimant did not pursue any treatment for pain management apart from requesting pain medication.[3]  In fact, Claimant testified that his medications provided moderate relief to his pain, that he had not been hospitalized recently for his pain, and that he had no planned treatments to address his allegations of ongoing pain.[4]  Accordingly, the ALJ appropriately concluded that while Claimant's impairments could cause him pain, his "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible[.]"[5]

Next, Claimant contends the Magistrate Judge erroneously concluded that the Appeals Council is not required to explain its denial of a claimant's request for review of an ALJ's findings.  The Court disagrees.  When a claimant presents new evidence and the Appeals Council denies review, the Appeals Council must show in its written denial

---

[1] R&R at 7 [Doc. 15] (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).
[2] *Id.* (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)).
[3] Tr. 20-21 [Doc. 10-2].
[4] *Id.* at 39-40.
[5] *Id.* at 21.

that it has adequately evaluated the new evidence.[6]  As the Magistrate Judge explained, the Appeals Council need only state that it did, in fact, evaluate the evidence and chose to deny review; it is not required to further articulate its findings and rationale.[7]  In this case, the Appeals Council explicitly stated that it considered Claimant's additional evidence, but found the information did not provide a basis for changing the ALJ's decision.[8]  Thus, the Appeals Council satisfied its burden under binding Eleventh Circuit precedent.

To the extent Claimant objects to other portions of the Recommendation, the Court finds his objections to be without merit.  For the foregoing reasons, the Report and Recommendation of the United States Magistrate Judge [Doc. 15] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**; the final decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this 27th day of September, 2013.

S/ C. Ashley Royal<br>C. ASHLEY ROYAL, CHIEF JUDGE<br>UNITED STATES DISTRICT COURT

BBP/ssh

---

[6] *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980).  In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as biding precedent all decisions of the Fifth Circuit predating the Eleventh Circuit's creation.  *Id.* at 1209.

[7] *Ingram v. Astrue*, 496 F.3d 1253, 1259-62 (11th Cir. 2007); *see also Wells v. Colvin*, No. 2:12-cv-91-FtM-29DNF, 2013 WL 5288009, at *1-2 (M.D. Fla. Sept. 18, 2013) (citing *Ingram*); *Levie v. Astrue*, No. 1:11-CV-26 (WLS), 2012 WL 956509, at *5 (M.D. Ga. Mar. 20, 2012) (same).

[8] Tr. 1-5.